UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

VICKIE SUE COLSON,

    Plaintiff,

v.    Case No: 2:17-cv-644-FtM-MRM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

# OPINION AND ORDER

Before the Court is Plaintiff Vickie Sue Colson's Complaint, filed on November 21, 2017. (Doc. 1). Plaintiff seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability and disability insurance benefits. The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed a joint legal memorandum detailing their respective positions. For the reasons set out herein, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## I.    Social Security Act Eligibility, the ALJ Decision, and Standard of Review

### A.    Eligibility

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The impairment must be severe, making the claimant unable to do her previous work or any

other substantial gainful activity that exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382c(a)(3); 20 C.F.R. §§ 404.1505 - 404.1511, 416.905 - 416.911. Plaintiff bears the burden of persuasion through step four, while the burden shifts to the Commissioner at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

### B. Procedural History

On November 18, 2014, Plaintiff filed an application for disability insurance benefits. (Tr. at 199, 291-92). Plaintiff asserted an onset date of September 23, 2012. (*Id.* at 291). Plaintiff's application was denied initially on February 18, 2015, and on reconsideration on April 17, 2015. (*Id.* at 199, 216). Administrative Law Judge William Wallis ("ALJ") held a hearing on October 20, 2016. (*Id.* at 146-183). The ALJ issued an unfavorable decision on December 12, 2016. (*Id.* at 54-66). The ALJ found Plaintiff not to be under a disability from September 23, 2012, through the date of the decision. (*Id.* at 66).

On October 11, 2017, the Appeals Council denied Plaintiff's request for review. (*Id.* at 1-6). Plaintiff filed a Complaint (Doc. 1) in the United States District Court on November 21, 2017. This case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (*See* Doc. 16).

### C. Summary of the ALJ's Decision

An ALJ must follow a five-step sequential evaluation process to determine if a claimant has proven that she is disabled. *Packer v. Comm'r of Soc. Sec.*, 542 F. App'x 890, 891 (11th Cir. 2013) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)).[1] An ALJ must determine

---

[1] Unpublished opinions may be cited as persuasive on a particular point. The Court does not rely on unpublished opinions as precedent. Citation to unpublished opinions on or after January 1, 2007 is expressly permitted under Rule 31.1, Fed. R. App. P. Unpublished opinions may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

whether the claimant: (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform her past relevant work; and (5) can perform other work of the sort found in the national economy. *Phillips v. Barnhart*, 357 F.3d 1232, 1237-40 (11th Cir. 2004). The claimant has the burden of proof through step four and then the burden shifts to the Commissioner at step five. *Hines-Sharp v. Comm'r of Soc. Sec.*, 511 F. App'x 913, 915 n.2 (11th Cir. 2013).

The ALJ found that Plaintiff met the insured status requirements through December 31, 2017. (Tr. at 56). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since September 23, 2012, the alleged onset date. (*Id.*). At step two, the ALJ determined that Plaintiff suffered from the following severe impairments: "obesity; disorder of the back; fibromyalgia (20 [C.F.R. §] 1520(c))." (*Id.* at 56). At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. pt. 404, subpt. P, app. 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526). (*Id.* at 59).

At step four, the ALJ determined the following as to Plaintiff's residual functional capacity ("RFC"):

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform sedentary work as defined in 20 [C.F.R. §] 404.1567(a) except: She can lift, carry, push, and pull 10 pounds occasionally and less than 10 pounds frequently; can stand and/or walk for two hours in an eight-hour workday; and can sit for six hours in an eight-hour workday. She can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl, but can never climb ladders, ropes, or scaffolds. She should avoid excessive exposure to dust, fumes, gases, odors, temperature extremes, poor ventilation, unprotected heights, dangerous machinery, and vibrations. These limitations represent a reduction of the State agency consultant's assessment at Exhibit 4A as supported by the evidence of record generally.

(*Id.* at 60).

The ALJ determined that Plaintiff was not able to perform her past relevant work as a store attendant, office helper, and cashier. (*Id.* at 65). At step five, the ALJ determined that considering Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (*Id.*). The ALJ noted that the vocational expert identified the following representative occupations for an individual with Plaintiff's age, education, work experience, and RFC: (1) sorter, DOT # 521.687-086, sedentary SVP 2, 85,000 jobs nationally; (2) stuffer, DOT # 731.685-014, sedentary, SVP 2, 80,000 jobs nationally; and (3) table worker, DOT # 739.687-182, sedentary, SVP 2, 62,000 jobs nationally. (*Id.* at 66).[2] The ALJ concluded that Plaintiff was not under a disability from September 23, 2012, through the date of the decision. (*Id.*).

### D. Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standard, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla—*i.e.*, the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982); *Richardson*, 402 U.S. at 401).

---

[2] "DOT" refers to the *Dictionary of Occupational Titles*.

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that "the evidence preponderates against" the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

## II. Analysis

On appeal, Plaintiff raises three issues. As stated by the parties, they are:

(1) Whether the ALJ erred in finding an RFC and posing questions to the VE that did not include a sit/stand option.

(2) Whether the ALJ erred in giving little weight to the opinions of treating physician Dr. Kini.

(3) Whether the jobs and job numbers found by the ALJ were based on substantial evidence.

(Doc. 22 at 17, 22, 26).

The Court addresses the second issue, namely whether the ALJ erred in giving little weight to Dr. Kini's opinion and then the Court turns to the first and the third issues.

### A. Whether the ALJ Erred in Giving Little Weight to the Opinions of Treating Physician Dr. Kini

Plaintiff argues that even though there are some inconsistencies in Dr. Kini's opinions, the key items are "sufficiently consistent to establish disability." (Doc. 22 at 23). Plaintiff further argues that "[i]n failing to give great or substantial weight even to those opinions of

5

treating physician Dr. Kini that were not inconsistent, the ALJ issued a decision unsupported by substantial evidence." (*Id.* at 24).

The Commissioner contends that "[c]ontrary to Plaintiff's assertions, the ALJ provided good reasons, supported by substantial evidence, for assigning little weight to Dr. Kini's opinions (Tr. 64)." (*Id.* at 25). Further, the Commissioner asserts that the other medical evidence of record supports the ALJ's decision to assign little weight to Dr. Kini's opinions. (*Id.* at 26).

Weighing the opinions and findings of treating, examining, and non-examining physicians is an integral part of the ALJ's RFC determination at step four. *See Rosario v. Comm'r of Soc. Sec.*, 877 F. Supp. 2d 1254, 1265 (M.D. Fla. 2012). The Eleventh Circuit has held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178-79 (11th Cir. 2011). Without such a statement, "it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Id.* (citing *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981)).

The opinions of treating physicians are entitled to substantial or considerable weight unless good cause is shown to the contrary. *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004). The Eleventh Circuit has concluded that good cause exists when: (1) the treating physician's opinion was not bolstered by the evidence; (2) the evidence supported a contrary

finding; or (3) the treating physician's opinion was conclusory or inconsistent with the doctor's own medical records. *Id.*

In this case, the ALJ cited to and considered Dr. Kini's treatment notes throughout the decision, even though Dr. Kini was not always named. (*See* Tr. at 62 (citing to Ex. 39F)). The ALJ also thoroughly considered Dr. Kini's opinions and found:

> I have considered the opinions and findings of Dr. Vidya Kini in accordance with SSR 96-2p and give them little weight. (Ex. 45F). Dr. Kini's findings are based upon a treating relationship and as a treating physician Dr. Kini had the opportunity to observe and examine the claimant directly. However, Dr. Kini's opinions are internally inconsistent despite being completed on the same day and are not supported by the record as a whole. For example, Dr. Kini opined in one form that the claimant could lift 10 to 20 pounds occasionally and less than 10 pounds frequently, requires a break every two hours for no more than five minutes, and could stand and/or walk and sit for less than six hours each throughout an eight-hour workday (but did not check the more restrictive box of less than two hours each). Dr. Kini was unable to determine if the claimant could perform various activities such as concentrating at work. (Ex. 45F/l-3). However, the doctor opined in the other form that the claimant's symptoms would constantly interfere with her ability to concentrate on even simple work tasks and that the claimant could stand/walk and sit for less than two hours each during an eight-hour workday, and could only lift up 10 pounds occasionally with no weight indicated frequently, and the doctor was unable to determine how long or often the claimant would need unscheduled breaks. Furthermore, the degree of limitations Dr. Kini opined is not supported by the record as a whole, including the spinal and knee imaging studies, the pulmonary function study, EMG testing, the State agency consultant's assessment at Exhibit 4A, and examinations showing fluctuating abnormalities, but typically good motor strength, good gait and station into 2016, and good range of joint and spine motion with some ongoing lower extremity numbness and decreased knee range of motion.

(*Id.* at 64).

In this case, the ALJ thoroughly considered Dr. Kini's treatment notes and reviewed Dr. Kini's opinions. (*Id.* at 62, 64). The ALJ correctly noted that Dr. Kini's opinions conflicted with each other in certain areas. (*Id.* at 64). An ALJ may demonstrate good cause to discount a treating physician's opinion if it conflicts with the doctor's treatment notes, and here, Dr. Kini's own opinions conflict with each other. *See Phillips*, 357 F.3d at 1240. Moreover, the ALJ also

noted that degree of limitations Dr. Kini found were not supported by the record as a whole and cited to objective medical records to support this statement. (Tr. at 64).

For the foregoing reasons, the Court finds that the ALJ did not err in affording little weight to Dr. Kini's opinions and the ALJ's decision is supported by substantial evidence as to this issue.

### B. Whether the ALJ Erred in Failing to Include a Sit/Stand Option in the RFC and in the Question Posed to the Vocational Expert

Plaintiff argues that the ALJ failed to address certain portions of Dr. Kini's opinion related to a sit/stand option. (Doc. 22 at 17). Plaintiff asserts the following:

> [The ALJ] did not address [Dr. Kini's] opinions that prolonged positions exacerbate her pain (Tr. 1127), that she must alternate between sitting and standing to relieve pain and discomfort (Tr. 1127), that she can sit only 15 minutes at a time before needing to get up, etc. (Tr. 1134), that she can stand only 20 minutes at a time before needing to sit down, walk around, etc. (Tr. 1134), that she must walk 2 or 3 minutes every 15 minutes during an 8-hour day (Tr. 1134), and that she needs a job that permits shifting positions at will from sitting, standing, or walking (Tr. 1134).

(*Id.* at 17).

In the previous section, the Court found that the ALJ's decision to afford little weight to Dr. Kini's opinion was supported by substantial evidence. *See supra.* The ALJ decided to afford little weight to Dr. Kini's opinion in part because Dr. Kini's opinions were internally inconsistent concerning, *inter alia*, Plaintiff's limitations as to the need for breaks, and the ability to stand, walk, and sit. (Tr. at 64). The Court finds that due to these inconsistencies the ALJ did not err in affording little weight to and not adopting the limitations in Dr. Kini's opinions – including those limitations related to a sit/stand option.

Further, the Court also finds that the ALJ did not err in failing to include a sit/stand option in the hypothetical posed to the vocational expert because he did not find this limitation supported by substantial evidence. *See Lee v. Comm'r of Soc. Sec.*, 448 F. App'x 952, 953 (11th

8

Cir. 2011) (citing *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004)) (finding that an ALJ is not required to include findings in the hypothetical that the ALJ found to be unsupported by the record).

Accordingly, the Court finds that the ALJ did not err in failing to include a sit/stand option in Plaintiff's RFC and did not err in failing to include a sit/stand option in the hypothetical posed to the vocational expert. Thus, the Court finds that the ALJ's decision as to these issues are supported by substantial evidence.

### C. Whether the Jobs and Job Numbers Found by the ALJ Were Based on Substantial Evidence

Plaintiff argues that the number of jobs listed by the vocational expert for the jobs of sorter, table worker, and stuffer are actually much lower than indicated by the vocational expert at the hearing. (Doc. 22 at 27-28).

The Commissioner argues that the vocational expert's testimony constitutes substantial evidence that supports the ALJ's finding that Plaintiff could perform jobs existing in substantial numbers in the national economy. (*Id.* at 29).

Once a Plaintiff proves that she can no longer perform her past relevant work, then the burden shifts to the Commissioner to show that a plaintiff can perform other jobs that are significant in number in the national economy, considering the plaintiff's age, education, and work experience. *Brooks v. Barnhart*, 133 F. App'x 669, 670 (11th Cir. 2005); *Winschel*, 631 F.3d at 1180. Thus, the ALJ has the burden to produce evidence about the existence of other work. *Brooks*, 133 F. App'x at 670. "The ALJ may satisfy this burden and provide this evidence through a [vocational expert's] testimony." *Id.* (citing *Phillips*, 357 F.3d at 1240; 20 C.F.R. § 404.1566(e)).

Jobs exist in the national economy when they exist in significant numbers either in the region where a plaintiff lives or in several other regions of the country. *Id.* "The ALJ, relying on the [vocational expert's] testimony, and not the [vocational expert], determines whether a specific number of jobs constitutes a significant number." *Id.* (citing 20 C.F.R. § 404.1512(g)). To prove disability, a plaintiff must show that he is unable to perform the specified jobs. *Id.*

The Eleventh Circuit has not fashioned a bright line rule as to what constitutes a significant number of jobs. "This Court has never held that a minimum numerical count of jobs must be identified in order to constitute work that 'exists in significant numbers' under the statute and regulations. We have concluded, however, that the 'appropriate focus under the regulation is the national economy,' not the local economy in which the claimant lives." *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 934 (11th Cir. 2015) (citation omitted). The Eleventh Circuit has upheld an ALJ's finding that 174 small appliance repairman positions in the area where a plaintiff resided established the existence of work in significant numbers. *Brooks*, 133 F. App'x at 670 (citing *Allen v. Bowen*, 816 F.2d 600, 602 (11th Cir. 1987)).

Here, the ALJ found that there are 85,000 sorter jobs, 80,000 stuffer jobs, and 62,000 table worker jobs in the national economy. (Tr. at 66). When asked at the hearing how the vocational expert arrived at the job numbers, the following exchange occurred between Plaintiff's counsel and the vocational expert:

> Q: Okay. And if, well, strike that, what is the source of the job numbers that you provided?
> A The United States Bureau of Labor Statistics.
> Q Okay. Do those job numbers that you provide or do those sources that you mentioned, do they narrow the job numbers down to the specific DOT titles or do you estimate or do you have to extrapolate the numbers?
> A Those numbers have been extrapolated, yes.
> Q I'm sorry. Could you repeat that, please?
> A The numbers of disaggregated [sic].

| | |
|---|---|
| Q | By that do you mean that you have to, do they give you the numbers for the specific DOT title or do you have to figure them out on your own based on the numbers that [t[hey give you? |
| A | It's title-specific. |

(*Id.* at 181).

Plaintiff disputes the vocational expert's calculations for the number of jobs in the national economy. (Doc. 22 at 27-28). Plaintiff claims that for all three jobs listed by the ALJ, the actual numbers are much less. (*Id.*).

The vocational expert explained how he arrived at the job numbers. (Tr. at 178). The ALJ relied on the vocational expert's testimony as to the number of jobs available for sorter, stuffer, and table worker. (*Id.* at 66). "The Social Security regulations provide that an ALJ may rely on a [vocational expert's] knowledge and expertise, and they do not require a [vocational expert] produce detailed reports or statistics in support of her testimony." *Bryant v. Comm'r of Soc. Sec.*, 451 F. App'x 838, 840 (11th Cir. 2012); *see also Curcio v. Comm'r of Soc. Sec.*, 386 F. App'x 924, 926 (11th Cir. 2010) ("[T]he Social Security regulations clearly allow that the Commissioner may rely on a VE for her knowledge or expertise.").

Even assuming *arguendo* that Plaintiff is correct in her calculation of the number of jobs, Plaintiff fails to show that even if the job numbers were reduced, the results would not constitute a significant number of jobs in the national economy. Further, there is nothing in the record that supports Plaintiff's position. *See De Lashmit v. Comm'r of Soc. Sec.*, No. 2:17-CV-363-FTM-99CM, 2018 WL 3954341, at *3 (M.D. Fla. Aug. 17, 2018) (finding that there was nothing in the record to support Plaintiff's position that the job numbers from SkillTRAN dramatically differed from those job number presented by the vocational expert).

Thus, the Court finds that the ALJ did not err in relying on the vocational expert's testimony at step five of the sequential evaluation and, further, the ALJ's decision is supported by substantial evidence as to this issue.

## III. Conclusion

Upon consideration of the submissions of the parties and the administrative record, the Court finds that substantial evidence supports the ALJ's decision and the decision was decided upon proper legal standards.

Accordingly, it is hereby **ORDERED:**

The decision of the Commissioner is hereby **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of Court is directed to enter judgment accordingly, terminate any pending motions and deadlines, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on February 19, 2019.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties